OPINION OF THE COURT AND ORDER ON MOTION TO RECUSE
RABY, Senior Judge:
In consideration of the appellant’s motion requesting that Colonel Kenneth A. Raby, Senior Judge, Panel 6, United States Army Court of Military Review, recuse himself in the instant case, that motion is hereby denied.
Appellant alleges that an appearance of impropriety inheres if Colonel Raby serves as an appellate judge in this case because, in his former position as Chief, Criminal Law Division, Office of The Judge Advocate General, he officially responded to an inquiry submitted by United States Senator Alfonse D’Amato pursuant to correspondence which Senator D’Amato had received from the appellant. Colonel Raby has reviewed both his letter to Senator D’Amato dated 31 August 1984 referenced in the appellant’s motion to recuse and an addi *507 tional letter to Senator D’Amato dated 9 September 1984 (Appendices I and II). He has, however, scrupulously avoided exposure to both the appellant’s letters to Senator D’Amato and Senator D’Amato’s letters to the Department of the Army upon which Colonel Raby’s responses were predicated. Colonel Raby’s only knowledge of this appellant or this case results from his review of the record of trial, his preparation for oral argument previously scheduled for 23 October 1984, and his review of his two reply letters to Senator D’Amato (neither of which contain information bearing on controverted issues of fact).
Initially, this Court notes that “[t]here is a substantial burden on a defendant to prove that a judge is not qualified or impartial. Moreover, the defendant must establish that the alleged bias and prejudice is personal, stemming from an extrajudicial source and resulting in an opinion on the merits other than what the judge has learned from his participation in this case.” United States v. Baker, 441 F.Supp. 612, 616 (M.D.Tenn.1977) (emphasis added) (citations omitted). We are mindful of the admonition that a “judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true.” United States v. Bray, 546 F.2d 851, 857 (10th Cir.1976). See also United States v. Kincheloe, 14 M.J. 40, 50 n. 14 (CMA 1982); United States v. Reed, 2 M.J. 972, 976 (ACMR 1976); Idaho v. Freeman, 478 F.Supp. 33, 35 (D.Idaho 1979), motion for disqualification denied on reconsideration, 507 F.Supp. 706 (D.Idaho 1981) (“It is well settled that a judge is presumed to be qualified and that the movant bears a substantial burden of proving otherwise. Furthermore, the Court has a sworn duty not to disqualify itself unless there are proper and reasonable grounds for doing so.” (Citations omitted.)) Consequently, we have carefully considered both the standards for qualification to sit as a military appellate judge and their application to the facts of this ease.
This Court is aware that the federal statute concerning disqualification of judges, 28 U.S.C. § 455 (1982), is not given mandatory application to the military by the legislature. However, as the standards set out in 28 U.S.C. § 455 express a proper test for judicial recusal and are compatible with the provisions of Canon 3 C, Code of Judicial Conduct, rendered applicable to the United States Army Court of Military Review by Army Regulation 27-10, Legal Services — Military Justice, para. 5-8 (1 Jul. 1984), this Court will follow the guidance provided in 28 U.S.C. § 455. See also Article 66(h), Uniform Code of Military Justice, 10 U.S.C. § 866(h) (1982); United States v. Kincheloe, 14 M.J. at 48. While the appellant has not identified the specific basis for disqualification, this Court has considered all bases for disqualification provided in § 455 and has concluded that three of the bases for disqualification contained in the federal statute bear some relationship to the facts of this case. 28 U.S.C. § 455 provides, in pertinent part:
§ 455 Disqualification of justice, judge, or magistrate.
(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(3) Where he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.
(Emphasis added.)
With respect to § 455(b)(1), we note that appellate defense counsel specifically do not assert that Colonel Raby “has a personal bias or prejudice” concerning the appellant. We further observe that nothing in *508 either of Colonel Raby’s letters reflects his “personal knowledge of disputed evidentiary facts” and that appellant avers no such personal knowledge. Regarding § 455(b)(3), which was, perhaps, intended to apply to those no longer employed by the government but which is arguably applicable to Colonel Raby on its face, we find that neither of Colonel Raby’s letters “expressed] an opinion concerning the merits of the [appellant’s] case.” Indeed, appellate defense counsel base the request for disqualification, in substantial part, on that portion of Colonel Raby’s 31 August 1983 letter informing Senator D’Amato that the United States Army Court of Military Review “will weigh the evidence and determine whether the findings and sentence are legally correct and, if so, whether the sentence is appropriate.” Clearly, this does not amount to an expression of Colonel Raby’s personal opinion regarding the merits of the appellant’s case, and appellant appropriately does not so allege. In fact, in Colonel Raby’s initial letter to Senator D’Amato, it was clearly and unequivocally stated that:
As Private Martinez’ case is undergoing appellate review, it would be inappropriate for me to comment on the findings and sentence, or on the merits or factual circumstances of his case. These are matters which will be subject to consideration during the course of appellate review. However, you may be certain that all aspects of his case will be given full and careful consideration at each level of review and that his legal rights will be carefully protected.
Finally, this Court has considered the objective standard provided in § 455(a), which requires that we determine whether Colonel Raby’s “impartiality [in this case] might reasonably be questioned” (emphasis added). We note that “[t]he proper test ... is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge’s impartiality, not in the mind of the judge himself or even necessarily in the mind of the [appellant], but rather in the mind of a reasonable man,” Union Independiente v. Puerto Rico Legal Services, 550 F.Supp. 1109, 1111 (D.Puerto Rico 1982), who has knowledge of “all the facts,” Idaho v. Freeman, 507 F.Supp. at 733. In deciding this issue, we note initially that a servicemember’s right to communicate with a member of Congress is specifically protected by statute (10 U.S.C. § 1034 (1982)). Thus, no adverse stigma attached to appellant merely because he chose to write a letter in which he sought help concerning his case from his congressman. The Criminal Law Division, Office of The Judge Advocate General, Department of the Army, is the principal office which answers or causes to be answered routine letters of inquiry and complaint concerning courts-martial which are addressed or referred to the Office of The Judge Advocate General for appropriate action. The Opinions Branch of the Criminal Law Division is the principal sub-unit within the Criminal Law Division which routinely obtains the necessary information to answer such correspondence and prepares such correspondence for signature by the appropriate government official. A total of 637 letters such as those addressed to Senator D’Amato were sent in 1983 by the Chief, Criminal Law Division, Office of The Judge Advocate General, in response to inquiries initially addressed to the President of the United States, the Vice-President of the United States, the Secretary of Defense, the Secretary of the Army, the Chief and Vice-Chief of Staff of the Army, congressional representatives, The Judge Advocate General of the Army, the Sergeant Major of the Army, and the Criminal Law Division. Each time a recusal motion such as the one at bar is filed, the correspondence in question must be reviewed in conjunction with all facts relevant to the disposition of the motion. We note that the two letters in question here are official in nature, routine in content, addressed to a congressman, do not discuss any controverted facts or appellate issues, do not contain any expression of opinion regarding the merits of appellant’s contentions or of any issues in this case, and are free from any expression of *509 bias, prejudice, or hostility toward the appellant. Moreover, prior knowledge about a case is not per se a basis for a judge’s disqualification.
It is well established that an accused is entitled to a trial in which the military judge and members have' a fair and open mind. However, previous participation in a case, prior knowledge of the facts or parties, or acquaintance with the witnesses is not necessarily disqualifying. The general basis for recusation in military as well as in civilian courts is personal bias rather than previous exposure to the same issues.
United States v. Reed, 2 M.J. at 976 (citations omitted). See also United States v. Baker, 441 F.Supp. at 616 (“The mere fact that a judge has prior knowledge of facts concerning a party is not in and of itself sufficient to require the judge to disqualify himself.”); United States v. Hemandez-Vela, 533 F.2d 211 (5th Cir.1976) (in order to require reversal, an appellant must show sufficient prejudice resulting from a court’s knowledge of background information regarding a defendant or alleged crime); Dade County Board of Public Instruction v. Michigan Mutual Liability Co., 169 So.2d 483 (Fla.1964) (a judge hearing an appeal is not required to disqualify himself because he has, as attorney general, rendered an opinion concerning one of the points involved in the litigation); 46 Am.Jur.2d Judges § 180 (“Generally, personal knowledge of a judge of former proceedings in a case before him does not disqualify him. And a judge is not disqualified merely because he has previously presided at the trial of a case involving the same evidence and transaction____ In criminal actions, ... a judge is not disqualified by virtue of a former decision in a civil case, whether related to the instant case or not, against the same defendant.”).
The appellant does not assert that Colonel Raby has been exposed to issues relevant to his appeal, that he has developed a personal bias or prejudice as a consequence, or that one could reasonably infer such bias from the facts of this case. The objective “standard is still one of reasonableness and should not be interpreted to require recusal on spurious or vague charges of partiality.” Smith v. Pepsico, Inc., 434 F.Supp. 524, 525 (S.D.Fla.1977).
Applying the case law, the provisions of 28 U.S.C. § 455, and the Code of Judicial Conduct, we find that Colonel Raby is not disqualified to sit on the appellant’s ease.
The hearing in this case will therefore be rescheduled at this Court’s direction.
Chief Judge SUTER and Judge COHEN concur.
APPENDIX I
31 AUG 1983
DAJA-CU 1983/6018
Honorable Alfonse D’Amato
United States Senate
Washington, D.C. 20510
Dear Senator D’Amato:
This is in response to your inquiry of August 10, 1983, concerning your constituent, Private Jose Martinez.
Information received in this office reveals that on January 18, 1983, Private Martinez, then a Staff Sergeant, was tried by general court-martial. Pursuant to his request he was tried by a court consisting of officer and enlisted members. Contrary to his plea, he was found guilty of three specifications of using marijuana, transferring marijuana, two specifications of obstructing justice, assault consumated by a battery, and solicitation to introduce marijuana onto a military installation. He was sentenced to a dishonorable discharge, confinement at hard labor for six years, forfeiture of all pay and allowances, and reduction to Private E-l. He was defended at trial by Captain David Junger, a qualified attorney and member of the U.S. Army Trial Defense Service, and Mr. H. Gary Wallis, a civilian attorney hired by Private Martinez.
On April 7, 1983, the Commander, 9th Infantry Division, who is the general court-martial convening authority in Private Martinez’ case, reviewed the record of trial, *510 including a legal analysis of the case, with recommendations, prepared by his senior legal advisor. The convening authority could approve the findings of guilty only if he determined them to be legally correct and factually proven by competent evidence beyond a reasonable doubt. Further, he could approve only so much of the sentence as he found to be lawful, appropriate, and just. He approved the findings but only so much of the sentence as provides for a dishonorable discharge, confinement at hard labor for five years and eight months, forfeiture of all pay and allowances, and reduction to Private E-l.
The record of trial was then forwarded for appellate review by the United States Army Court of Military Review pursuant to Article 66, Uniform Code of Military Justice. That court, composed of experienced and mature military judges, will weigh the evidence and determine whether the findings and sentence are legally correct and, if so, whether the sentence is appropriate. The court may set aside the findings and sentence or may reduce the sentence, but it cannot increase the severity of the punishment.
The record of trial has been received by the Army Court of Military Review. In accordance with Article 70, Uniform Code of Military Justice, Captain Donna Maizel, an experienced and qualified appellate attorney and member of the Judge Advocate General’s Corps, has been designated as Private Martinez’ military appellate defense counsel. You may be assured that Captain Maizel will do her utmost, as her ethical obligation as a lawyer requires, to protect Private Martinez’ interests. Her address is United States Army Legal Services Agency, Defense Appellate Division, 5611 Columbia Pike, Falls Church, Virginia 22041. (Telephone: Area Code 202 756-2490.) Captain Maizel has been furnished a copy of your inquiry her information, as she is in the best position to determine what issues to raise on appeal.
After the Army Court of Military Review has acted, Private Martinez will be notified of the decision of the court. If any part of the findings and sentence is affirmed by the Court of Military Review, he may petition the United States Court of Military Appeals for a grant of review. He would again be entitled to representation by military appellate defense counsel at no cost to himself, or he may retain civilian counsel at his own expense, or both.
In addition to the judicial review outlined above, while Private Martinez is confined at the United States Disciplinary Barracks, Fort Leavenworth, Kansas, his case will be periodically considered by the Army Clemency Board, Office of the Secretary of the Army, to determine whether sentence reduction or other clemency action is merited. Restoration to duty will be considered only upon his written application. Such an application should be submitted through the officials of the Disciplinary Barracks.
As Private Martinez’ case is undergoing appellate review, it would be inappropriate for me to comment on the findings and sentence, or on the merits or factual circumstances of his case. These are matters which will be subject to consideration during the course of appellate review. However, you may be certain that all aspects of his case will be given full and careful consideration at each level of review and that his legal rights will be carefully protected.
In addition to the review outlined above, Private Martinez may wish to apply for clemency by submitting a petition for clemency to the Secretary of the Army. Under Article 74 of the Uniform Code of Military Justice, the Secretary of the Army may remit or suspend any part or amount of the unexecuted portion of the sentence of a court-martial. Additionally, he may, for good cause shown, substitute an administrative discharge for a punitive discharge or dismissal executed in accordance with the sentence of a court-martial.
While no specific format for a clemency petition is prescribed, it should stress factors which tend to indicate that clemency is warranted. Such factors normally include: a substantial period of productive military service, the absence of a disciplinary record, cooperation with law enforcement *511 officials, a substantial post-conviction educational effort, personal hardship of a serious nature, and letters of recommendation. Each petition for clemency is considered on its individual merits. The factors which favor clemency are numerous and those mentioned above should not be considered as requirements. No single factor or combination of factors is controlling. However, the presence of several favorable factors enhances the probability of a grant of clemency. A petition should be addressed to the Secretary of the Army through the Office of The Judge Advocate General, ATTN: DAJA-CL, Washington, D.C. 20310. Private Martinez may seek assistance in submitting a petition for clemency from the U.S. Army Trial Defense Service Office at the U.S. Disciplinary Barracks, Fort Leavenworth.
I hope that this response is of assistance to you and provides the information you desire.
Sincerely,
Kenneth A. Raby
Colonel, JAGC
Chief, Criminal Law Division
Copy Furnished:
Captain Maizel (JALS-DA)
APPENDIX II
09 SEP 1983
DAJA-CL 1983/6060
Honorable Alfonse D’Amato
United States Senator
Suite 1635, One Penn Plaza
New York, New York 10001
Dear Senator D’Amato:
This is in response to your inquiry of August 19, 1983, concerning your constituent, Private Jose Martinez.
There has been no change in the status of Private Martinez’ case since our letter dated August 31, 1983, a copy of which is enclosed for your convenience. A copy of the enclosures to your most recent inquiry has been forwarded to Private Martinez’ military appellate defense counsel, Captain Donna Maizel, as she is in the best position to determine what issues to raise on appeal. Captain Maizel’s address is United States Army Legal Services Agency, Defense Appellate Division, 5611 Columbia Pike, Falls Church, Virginia 22041 (Telephone: (202) 756-2490).
Private Martinez’ “Request for Redress,” which was also an enclosure to your letter, was acted upon by Major General Riscassi, Commander, 9th Infantry Division. On August 25, 1983, General Riscassi denied redress on the grounds that the complaints made by Private Martinez were not proper subject matters for resolution under Article 138, Uniform Code of Military Justice, or were not under his control as the Commander, 9th Infantry Division. General Riscassi then advised Private Martinez of the appropriate channels through which he could address his complaints.
Thank you for your interest in this matter. I hope that this response provides the information you desired. As requested, the enclosure to your inquiry is returned herewith.
Sincerely,
Kenneth A. Raby
Colonel, JAGC
Chief, Criminal Law Division
Enclosure