**UNITED STATES, Appellee,**

v.

**Private First Class William H. SHER-
ROD, 554–33–6168, United States
Army, Appellant.**

**CM 447284.**

U.S. Army Court of Military Review.

28 Aug. 1986.

For Appellant: Lieutenant Colonel Arthur L. Hunt, JAGC, Major Stephen R. Dooley, JAGC, Captain Martin B. Healy, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Captain Karen L. Taylor, JAGC (on brief).

Before WATKINS, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

LYMBURNER, Judge:

Appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of assault with a dangerous weapon, assault consummated by a battery upon a female child under the age of sixteen, burglary (two specifications), and committing an indecent act upon a male child under the age of sixteen, in violation of Articles 128, 129, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 929, and 934 (1982) [hereinafter cited as UCMJ], respectively. He was sentenced to a dishonorable discharge, confinement for twenty-nine years, total forfeitures, and reduction to Private E–1. The convening authority approved the sentence.

Appellant contends that the trial judge abused his discretion by denying the defense challenge for cause against him under the provisions of the Manual for Courts-Martial, United States, 1984, Rule for Courts-Martial 902(a) [hereinafter cited as R.C.M.].[1] In the alternative, he contends that the trial judge erred by denying his subsequent request for trial by judge alone. We agree that the trial judge was disqualified to try the case under R.C.M. 902(a) and that he erred in refusing to recuse himself. However, based upon our review of the record we find that the trial judge's failure to recuse himself did not materially prejudice the substantial rights of the appellant, Article 59(a), UCMJ, 10 U.S.C. § 859(a). Regarding appellant's alternative contention, we hold that the trial judge's disapproval of the request for trial by judge alone was not error. Although not specifically raised by appellant, due to the facts in this case we need to resolve two other issues implicit in the assigned error and two other provisions of R.C.M. 902. First, we find that appellant's request for trial by judge alone was not a waiver under R.C.M. 902(e)[2] of the judge's error in refusing to recuse himself. Second, we also find that the trial judge was not disqualified for personal bias, prejudice, or knowledge of disputed evidentiary facts under R.C.M. 902(b)(1).[3]

---

1. Rule for Courts-Martial 902(a) provides that, except as provided in subsection (e) of the rule, a military judge shall disqualify himself in any proceeding in which that military judge's impartiality might reasonably be questioned.

2. Rule for Courts-Martial 902(e) states that where the ground for disqualification arises only under R.C.M. 902(a), waiver may be accepted provided that it is preceded by a full disclosure on the record of the basis for disqualification. Also, no military judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in R.C.M. 902(b).

3. Rule for Courts-Martial 902(b)(1) provides that a military judge shall disqualify himself where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceedings. These grounds for disqualification are identical to 28 U.S.C. § 455(b)(1) and Code of Judicial Conduct, Canon 3C(1)(a)(1972). *See* Manual for Courts-Martial, United States, 1969 (Rev. ed.), para. 62*f* (13) ("Any other facts indicating that he should not sit as ... military judge in the interest of having the trial and subsequent proceedings free from substantial doubt as to legality, fairness, and impartiality"); and Manual for Courts-Martial, United States, 1984, Analysis of R.C.M. 902(b)(1), App. 21, A21–46.

## I. The Facts

At the opening session of the court-martial the trial judge disclosed that one of the alleged burglaries occurred next door to his military quarters and he recognized by sight these neighbors; that the alleged female victim was the daughter of these neighbors and was a close friend of the judge's own thirteen year-old daughter; that he had driven his daughter and her friend (and other "kids") to various places, including ski trips of one or two days duration; and that the same young girl had spent the night in his quarters as a guest of his daughter. In response to defense counsel's question of how the military judge would view the credibility of the alleged victim should she testify, the judge responded that he was "convinced in his own mind [he] would not attach any more significance to her testimony on any factors than [he] would to any other witness." Record at 11. The trial defense counsel challenged the military judge for cause under R.C.M. 902(a), arguing that a reasonable person would question his impartiality (on findings and sentencing) because he lived next door to one of the homes burglarized, he was acquainted with that family, and his daughter was a close friend of the female child assaulted. In ruling on the challenge, the military judge recounted the pertinent facts and stated: "It might lead a reasonable person to question my impartiality. I don't agree with that reasonable person's interpretation. I don't think a reasonable person would then be—a reasonable person, within the law, who *is skilled in the law or familiar with the law*, would question impartiality, my impartiality." Record at 17 (emphasis add-

ed). The judge denied the challenge,[4] adding that he would not approve a request for trial by judge alone.

Subsequently, when questioned about his choice of forum, the appellant expressed a desire for trial by judge alone and submitted a signed request to that effect. During discussion of the request, the trial judge and the defense counsel agreed that the extent of the judge's prior knowledge of the case had been established on the record. The defense counsel, after balancing the extent of the judge's knowledge with those court members selected by the convening authority, decided to proceed with a judge alone request. Record at 22. The trial judge disapproved the request, stressing his concern was that "the accused feel he receive a fair and judicial trial, fair and equitable and impartial." *Id.*

## II. Impartiality of the Trial Judge

Appellant specifically predicated his challenge for cause upon R.C.M. 902(a) (military judge's impartiality might reasonably be questioned).[5] This provision is primarily concerned with the *appearance* of partiality. *Cf. United States v. Conley,* 4 M.J. 327, 329 (C.M.A.1978) (trial judge required to avoid the appearance as well as existence of unfairness in his court); *Potashnick v. Port City Construction,* 609 F.2d 1101, 1111 (5th Cir.), *cert. denied,* 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980) (under applicable U.S. Code provision, judge abused his discretion by failing to disqualify himself—although no actual bias, judge's impartiality might reasonably have been questioned). We deem it significant that at trial and upon appeal, appellant did not contend that the trial judge had

---

4. Article 41(a), UCMJ, 10 U.S.C. § 841(a), provides, in pertinent part, that the military judge and members of a court-martial may be challenged by the accused or trial counsel for cause stated to the court, and that the military judge shall determine the relevance and validity of the challenge.

5. Statutory qualifications for the military judge are prescribed in Article 26(b) and (c), UCMJ, 10 U.S.C. § 826(b), and (c) (see R.C.M. 502(c)); the lack thereof will affect the proper composition of the court—a jurisdictional issue. R.C.M.

201(b)(2). Other grounds for disqualification are found in Article 26(d), UCMJ, and R.C.M. 902(a) and (b), the existence of which will be tested for prejudice under Article 59(a), UCMJ. R.C.M. 201(b) analysis at A21–8. *See United States v. Burrer,* 22 M.J. 544 (N.M.C.M.R.1986) (trial judge's prior service as investigating officer not jurisdictional or reversible error per se). The disqualifications in R.C.M. 902(a) and (b) are analogous to the disqualifying activities in 28 U.S.C. § 455(a) and (b). R.C.M. 902(a) and (b) analysis at A21–46.

an *actual* personal bias or prejudice towards him or possessed prior knowledge of disputed evidentiary facts concerning the proceedings within the meaning of R.C.M. 902(b)(1), see *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 856, 83 L.Ed.2d 841 (1985) (counsel's failure to speak is a circumstance we feel justified in considering).[6]

 Based upon our review of the record, this court is satisfied that the appellant has met the substantial burden in demonstrating that the trial judge erred in determining his impartiality under R.C.M. 902(a). *First*, the trial judge applied an incorrect legal standard in determining whether he was disqualified. The test is not "a reasonable person, within the law, who is skilled in the law or familiar with the law...." The standard in R.C.M. 902(a) is an objective, reasonable man test—

> whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the [appellant], but rather in the mind of a reasonable man ... who has knowledge of 'all the facts.'

*United States v. Martinez*, 19 M.J. 652, 654 (A.C.M.R.1984) (citations omitted), *petition denied*, 21 M.J. 27 (C.M.A.1985). *See also United States v. Kincheloe*, 14 M.J. 40, 50 (C.M.A.1982); *United States v. Norton*, 700 F.2d 1072, 1076 (6th Cir.), *cert. denied*, 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983); *United States v. Greenough*, 782 F.2d 1556 (11th Cir.1986). Accordingly, the trial judge erred as a matter of law; he neither "abused his discretion," nor did he make findings "for which there is no support in the record." He applied an incorrect legal standard in passing on his

own qualifications to handle this particular trial.

*Second*, the trial judge stated in open court that these facts "might lead a reasonable person to question [his] impartiality." Because R.C.M. 902(a) is primarily concerned with the *appearance* of partiality, this statement by the trial court in open court, and on the public record, seriously compromises any *other* conclusion by the public, a convening authority, or a reviewing court.

*Third*, the trial was held in a highly emotional environment, as indicated by the nature of the offenses (assaults upon two Army dependents in their bedrooms in military quarters, during the early morning hours, on an installation shared by at least three major Army units renowned for their *esprit de corps*). Moreover, five officer members were successfully challenged for cause by the defense, some of whom lived in military quarters, and the maximum-authorized sentence was adjudged by the court members and approved by the convening authority.

*Finally*, while a trial judge is allowed a range of discretion in deciding whether to disqualify himself, such discretion is not unlimited. For example, a military judge should "broadly construe grounds for challenge but ... not step down from a case unnecessarily." R.C.M. 902(d)(1) discussion. *See also* R.C.M. 912(d)(3) analysis at A21–54 (military judge should be liberal in passing on challenges, but need not sustain a challenge upon mere assertion). We find that the trial judge was disqualified to try the case under R.C.M. 902(a).

Rule for Courts-Martial 902(d)(3) states that "except as provided under subsection (e) of this rule, if [a] military judge rules that the military judge is disqualified, the military judge shall recuse himself or herself." In this case, the trial judge refused

---

**6.** The general procedural rules for challenges for cause of court members are found in R.C.M. 912(f) and, in practice, are utilized in challenges of the trial judge. In pertinent part, R.C.M. 912(f) provides that the party making the challenge shall state the grounds for it, that the burden of establishing that grounds for a challenge is upon the party making the challenge, and that, notwithstanding the absence of a challenge or a waiver of a challenge by the parties, the military judge may, in the interest of justice, excuse a member against whom a challenge would lie. R.C.M. 912(f)(3) and (4); *see Wainwright v. Witt*, 105 S.Ct. at 852.

to recuse himself *only* because of his finding of "no disqualification under R.C.M. 902(a)." For the reasons stated, this was an improper basis. Accordingly, this court finds that the trial judge erred in refusing to recuse himself when challenged. *Cf. United States v. Soriano*, 20 M.J. 337, 339 (C.M.A.1985) (Article 26(d), UCMJ disqualification "self-operating," leaving no discretion regarding recusal).

### III. Request for Trial by Judge Alone

Appellant contends that the trial judge erred by denying his request for judge alone.[7] While R.C.M. 903(c)(2)(B) states that the military judge shall approve or disapprove the request as a matter within his discretion, additional guidance provides that "[a] timely request for trial by judge alone *should be granted unless there is substantial reason why, in the interest of justice*, the military judge should not sit as fact finder." R.C.M. 903(c)(2)(B) discussion (emphasis added).[8] Accordingly, this court will review the trial court's disapproval of the request for trial by judge alone against an abuse of discretion standard. *United States v. Butler*, 14 M.J. at 73; *United States v. Roberts*, 20 M.J. 689, 691 (A.C.M. R.1985).

We find *United States v. Stewart*, 2 M.J. 423 (A.C.M.R.1975) instructive. In *Stewart*, the trial judge was challenged due to possible bias as the judge had accepted a guilty plea in a companion case tried several days earlier. The judge indicated that he could be completely impartial, that he had no bias against the accused, and that the case would be decided on its own merits. The trial judge then stated that he would not approve a request for trial by judge alone. As in this case, the appellant

in *Stewart* asserted that if the trial judge's prior participation tainted his ability to sit as a trier of fact, then the proper course of action was recusal and not a denial of both the challenge and the request for trial by judge alone. This court held that, although the appellant was forced to accept his statutory entitlement to a trial by court-martial with members, there was no error. The court observed: "[W]e find from the record no suggestion of any taint, but rather a commendable effort by the military judge both to ensure to the appellant a fair trial before a court composed of members, and to avoid thereby even the appearance of bias, prejudice or evil." *Id.* at 426. *See also United States v. Bradley*, 7 M.J. 332, 334 (C.M.A.1979).

■ We conclude that the military judge in this case did not abuse his discretion in denying the request for trial by judge alone. His action resulted in his removal as the fact-finding and sentencing authority and, consequently, promoted the interest of justice in avoiding even the appearance of bias, prejudice, or evil. Under these circumstances, we cannot say that his denial of the judge alone request was an abuse of discretion.

### IV. Waiver of Judge Disqualification

■ We must now resolve the related issues of whether this court should apply the waiver provisions of R.C.M. 902(e) (waiver may be accepted where the ground for disqualification arises only under R.C.M. 902(a)) and, if the trial judge's disqualification and error in not recusing himself are not waived, whether appellant was prejudiced by the error, Article 59(a), UCMJ.

---

7. Appellant asserts only that the trial judge improperly refused to recuse himself *and* thereafter limited his choice as to who would be the fact-finder and the sentencing authority. Appellant has not specified any other specific error, harm, or prejudice resulting from the judge's performance of his judicial duties.

8. While the introduction to the Analysis of the Manual for Courts-Martial, United States, 1984, states that the Discussion is intended by the drafters to serve as a treatise and may be used

as secondary authority, see Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 101(b) (secondary sources), the Discussion itself may describe legal requirements derived from other sources. Analysis, at A21–3. The Analysis of R.C.M. 903(c)(2)(B) provides that its discussion is based upon *United States v. Butler*, 14 M.J. 72 (C.M.A.1982); *United States v. Ward*, 3 M.J. 365 (C.M.A.1977); *United States v. Bryant*, 49 C.M.R. 660 (C.M.A.1975). R.C.M. 903 analysis at A21–46–47.

As a preliminary matter in determining whether the waiver provision of R.C.M. 902(e) should apply, this court finds as fact that the trial judge had made a full disclosure on the record of the basis for his possible disqualification under R.C.M. 902(a) *and* 902(b)(1). This case is unlike the situation in *United States v. Small*, 21 M.J. 218 (C.M.A.1986), where the appellant contended that the military judge had refused to allow proper voir dire—thereby denying appellant the opportunity to *develop possible grounds for challenge* of the judge. In this case, the trial judge initiated the inquiry into the possible basis for his disqualification, realizing that some prior knowledge of the facts or an acquaintance with a witness is not necessarily disqualifying, *United States v. Martinez*, 19 M.J. at 655; *State of Idaho v. Freeman*, 478 F.Supp. 33, 35 (D.C.Idaho 1979), and the trial judge and the defense counsel subsequently agreed that the extent of the judge's knowledge had been established on the record. Record at 22.

Nevertheless, we decline to apply waiver in this case, agreeing with the analysis and conclusions of the court in *United States v. Schauer*, NCM 762574 (N.M.C.M.R. 20 April 1977) (unpub.), *appendix to United States v. Small*, 21 M.J. at 220–23. The Navy court believed that the appellant need not be viewed as waiving his right to raise the issue (*i.e.*, the judge's improper refusal to recuse himself) by subsequently requesting trial by judge alone, when the adverse ruling itself was aimed at a request for a right vested in law (Article 41(a), UCMJ provides that the accused may challenge for cause the trial judge and the court members). When the trial judge rules against the appellant in such instances, after the appellant has sought to exercise such right, it is the adverse ruling that *perfects the issue for appeal* and not another, subsequent defense objection or submission to the ruling. While in other cases we might accept an appellant's expressed waiver of an *acknowledged* disqualification or we might view the appellant's request for trial by judge alone as *subjective* acceptance that he could receive a fair trial

by that judge—thus affirmatively "waiving" the right to raise the error on appeal—we are unable to do so in this case. We perceive, rather, that in order to avoid the hazards connected with a highly emotional trial on charges relating to two burglaries of military quarters and assaults of two young Army dependents in their bedrooms, the appellant was willing to risk trial by (a "disqualified") judge alone and *hoped* that he would receive a fair trial. Further, the trial defense counsel stated on the record that he preferred trial by judge alone *rather than by those court members selected by the convening authority.* Clearly the defense did all that it could to preserve the error. Moreover, during presentencing, the defense presented psychiatric evidence of an "antisocial personality trait" diagnosis and the appellant stated that he was so intoxicated that night that he couldn't recall anything that happened until he was apprehended by the military police. In view of the nature of the crimes and this defense presentation, the trial defense counsel may well have made a sound tactical choice in requesting trial by judge alone. However, as stated, in this case the request should not be viewed as a waiver of appellant's right to assert the disqualification of the military judge on appeal.

### V. Actual Bias

■ We believe that this court should also resolve the issue of *actual* personal bias or prejudice or prior knowledge of disputed evidentiary facts, R.C.M. 902(b)(1), and only an unwarranted emphasis on "form over substance" would restrict our review to the trial judge's disqualification under R.C.M. 902(a). *Cf. United States v. Baran*, 22 M.J. 265, 267 (C.M.A.1986) (court's resolution of affirmative defense issue is so central that it requires an express factual determination thereof). This disqualification is difficult to establish, since it arises from the trial judge's subjective feelings which he himself might not recognize. Among other facts in the record, we note the trial judge's remarks regarding his daughter's close friendship with the female victim, the occurrence of

some of the offenses next-door to his quarters and his acquaintance with the neighbors, his announcement during voir dire foreclosing appellant's choice of forum by judge alone, and his qualified disclaimers of bias or prejudice. Also, this basis for disqualification is one for which a trial judge or this court may not accept waiver, R.C.M. 902(e), *cf. United States v. Martinez*, 19 M.J. at 653, and, if present, would constitute an error of constitutional dimensions, *Tumey v. Ohio*, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927) (every accused has a constitutional right to an impartial tribunal); *United States v. Kincheloe*, 14 M.J. at 48.

Based upon the record and the fact that appellant has not otherwise challenged the trial judge, we believe we are able to determine whether there was actual bias or prejudice on the part of the trial judge. An easier issue we can resolve is whether, as a factual matter, the trial judge possessed a disqualifying, personal prior knowledge of disputed evidentiary facts (to include the credibility of the young female victim). We find that the record does *not* support any inference that the trial judge had a personal bias or prejudice concerning the appellant or possessed prior knowledge of disputed evidentiary facts within the meaning of R.C.M. 902(b)(1).

### VI. Test for Prejudice

█ The trial judge was disqualified under the provisions of R.C.M. 902(a) and erred in refusing to recuse himself. Based upon our careful review of the record, we hold that the trial judge's failure to recuse himself did not result in prejudice to the appellant and that appellant received a fair trial. *See generally United States v. Paulin*, 6 M.J. 38 (C.M.A.1978) (no error when military judge refused to recuse himself); *United States v. Goodman*, 3 M.J. 1, 5 (C.M.A.1977) (judge had not so compromised his impartial status as to destroy the integrity of the trial); *United States v. Burrer*, 22 M.J. 544 (N.M.C.M.R.1986); *United States v. Heriot*, 21 M.J. 11, 14 (C.J.A.1985) (failure to excuse member was harmless error). In this case we are well satisfied by the professional and fair manner in which the trial judge handled his judicial duties, to include the handling of defense challenges of court members, his responses to defense objections and requests, the instructions to court members, and his participation in the questioning of the witnesses. We also note that the court members reached the findings and adjudged the sentence. *See Bradshaw v. McCotter*, 796 F.2d 100 (5th Cir.1986) (federal appellate court, citing *Aetna Life Insurance Co. v. Lavoie*, —— U.S. ——, 106 S.Ct. 1580, 89 L.Ed.2d 823 (1986) as controlling, held that judge's improper failure to recuse himself due to the appearance of a conflict of interest did not rise to the level of a constitutional due process violation, as he did not cast the deciding vote).

█ Appellant also contends that the sentence is inappropriately severe. We agree and will reassess the sentence.

The findings of guilty are affirmed. After considering the entire record, the court affirms only so much of the sentence as provides for a dishonorable discharge, confinement for twenty years, total forfeitures, and reduction to Private E-1.

Judge SMITH concurs.

Senior Judge WATKINS took no part in the decision of this case.