UNITED STATES, Appellee,

v.

**Private E–1 David M. AMOS, 308–70–1356, United States Army, Appellant.**

**ACMR 8701794.**

U.S. Army Court of Military Review.

24 June 1988.

For Appellant: Lieutenant Colonel Joel D. Miller, J.A.G.C., Major Marion E. Winter, J.A.G.C., Captain Debra D. Stafford, J.A.G.C. (on brief).

For Appellee: Colonel Norman G. Cooper, J.A.G.C., Lieutenant Colonel Gary F. Roberson, J.A.G.C., Major Daniel J. Dell'Orto, J.A.G.C., Captain Amaury R. Colon, J.A.G.C. (on brief).

Before ADAMKEWICZ, LYMBURNER and SMITH, Appellate Military Judges.

## OPINION OF THE COURT

LYMBURNER, Judge:

Appellant was tried *in absentia* by a special court-martial composed of officer and enlisted members at Fort Hood, Texas. Contrary to his pleas, he was found guilty of driving while intoxicated and possession of marijuana, in violation of Articles 111 and 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 911, 912a, respectively. The court sentenced him to a bad-conduct discharge, confinement for six months, and forfeiture of $438.00 per month for six months. The convening authority approved the sentence.

On appeal, appellant contends for the first time that the military judge became disqualified from presiding at the trial and erred in failing to *sua sponte* recuse himself. The factual basis for the alleged disqualification arises from the judge's expressed reasons for denying the defense request for trial by judge alone—specifically, (1) he (the military judge) had denied the defense request for a trial continuance after finding that the accused had voluntarily absented himself from the trial without authority; (2) the military judge entered a not guilty plea for the absent accused, although defense counsel had advised that, during a meeting with his client the previous night, the accused stated he wanted to plead guilty to the charges; (3) in view of his rulings, the judge stated that it would be "extremely difficult, if not impossible, for [him] to fairly judge the issues in this case"; (4) the trial counsel had been provided appellant's written request for trial by officer and enlisted members; and (5) the "possible perception of unfairness in what has happened" thus far. The regulatory basis for the alleged disqualification is the Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 902(a) [hereinafter M.C.M., 1984 and R.C.M., respectively], which provides that a military judge "shall disqualify himself or herself in any proceeding in which that military judge's impartiality might reasonably be questioned."

When the trial judge's comments are placed in context, we find that he did not thereby disqualify himself from presiding at appellant's trial. We further find that, under the circumstances of this case, the judge did not abuse his discretion in denying the defense request for trial by judge alone. As a matter of military jurisprudence, we note that the facts of this case and pertinent provisions of the M.C.M., 1984, well illustrate the constraints placed on the trial judge and counsel during the trial of an absent accused.

The military judge conducted the initial trial session under Article 39(a), UCMJ, on 12 June 1987. The judge explained to appellant his procedural rights during court-martial—in particular, his rights regarding representation by counsel and elections on composition of the court. Appellant stated that he wanted to be represented by his detailed defense counsel. When the military judge asked appellant if he had discussed his choice of trial forum with defense counsel, the appellant answered that he had but he wanted to wait until the next session of the trial, then scheduled for 2 July 1987, before informing the court of his choice. The judge agreed. *See* R.C.M. 903(a) (the accused may defer requesting enlisted members or trial by the military judge alone until anytime before assembly). Appellant then was arraigned, but stated that he did not want to enter a plea until the next trial session. Again the military judge agreed, although he warned appellant of the possible consequences should appellant voluntarily absent himself from the next scheduled court session.[1] When the court-martial convened again at 0837 hours, 2 July 1987, appellant was not present. The defense counsel stated he had advised appellant, during their meeting the previous evening, that he (appellant) was to be at the court room no later than 0730 hours, 2 July 1987. Defense counsel was unaware of his client's whereabouts and requested a continuance until "we find out what, in fact, has happened to [appellant]". The military judge heard the representations and respective positions of counsel, received extensive testimony from appellant's company commander, and reviewed some defense-offered documents regarding a possible medical problem of the accused. The military judge then denied the defense request for a continuance, having satisfied himself the prosecution had carried its burden of establishing that the accused had knowingly and intentionally absented himself from the trial proceedings.

---

1. Rule for Courts–Martial 804(a) provides in effect that an accused has the right to be present at every stage of the trial. However, R.C.M. 804(b) also states that further progress of the trial shall not be prevented and the accused shall be considered to have waived the right to be present whenever the accused, initially present, is voluntarily absent after arraignment.

■ Based upon the meeting the night before, defense counsel stated that the accused wanted to plead guilty and to have the trial by military judge alone. The judge and defense counsel agreed that, due to the absence of the accused, the military judge was obligated to enter a plea of not guilty for him.[2] Defense counsel persisted in a request for trial by military judge alone, stating that a member panel "would be so inflamed by the accused's absence, even with [a judge's limiting instruction regarding the accused's absence], that the accused would, perhaps, not receive a fair and impartial hearing," and that "the judge would be able to make a fair and impartial hearing of the evidence and sentence the accused accordingly." While the government did not specifically oppose defense counsel's motion for military judge alone, the trial counsel stated that he had received the accused's request for enlisted members (Appellate Exhibit IV) and was concerned that at some later date the accused might state that he "always intended to have a panel trial." The military judge denied the defense counsel's request for trial by judge alone, stating for the record his reasons for the ruling.[3]

■ We find that, when read in context, the military judge's remarks on the record would not create a substantial doubt in the minds of reasonable persons as to the impartiality of the military judge.

*United States v. Sherrod,* 22 M.J. 917, 920 (A.C.M.R.1986) (the standard in R.C.M. 902(a) is an objective, reasonable man test and primarily concerned with the appearance of partiality), *reversed on other grounds,* 26 M.J. 30 (C.M.A.1988). Insofar as possible, we have measured objectively the judge's words against his actions throughout the trial process and we are satisfied, beyond a reasonable doubt, that appellant received a fair trial. Defense counsel had not challenged the qualifications of the judge at trial; now on appeal, neither appellant nor his counsel point to any other ruling or remark by the military judge from which even an inference of personal bias or prejudice may be drawn.[4] The challenging party bears the burden of establishing facts which create a substantial doubt in the minds of reasonable persons with respect to the impartiality of the trial judge. *United States v. Soriano,* 20 M.J. 337, 340 (C.M.A.1985). In this case, appellant has failed to carry the burden. Unlike the situation in *United States v. Sherrod,* 22 M.J. at 920, where the military judge's remarks demonstrated that he applied an incorrect legal standard in determining his qualification to preside, in this case the judge's remarks reflect only an "overriding concern" for safeguarding every trial right of an absent accused.

The trial judge was understandably concerned that he had been exposed to deroga-

2. Rule for Courts–Martial 910(b) provides that, if the accused fails to plead, the military judge shall enter a plea of not guilty for the accused. Obviously a defense counsel can not tender a guilty plea on behalf of his client where the military judge has not personally advised the accused of, and determined that he understands, the meaning and effect of the guilty plea, ensured that the plea of guilty is voluntary, and satisfied himself by inquiry of the accused that there is a factual basis for the plea. *See* R.C.M. 910(c), (d), and (e); Article 45(a), UCMJ, 10 U.S.C. § 845(a).

3. Pertinent nonbinding provisions of the M.C.M., 1984, R.C.M. 903(c)(2) discussion [hereinafter R.C.M. 903 discussion] state: (1) ordinarily the military judge should inquire personally of the accused to ensure that the accused's waiver of the right to trial by members is knowing and understanding, (2) a timely request for trial by military judge alone should be granted unless there is substantial reason why, in the interest of justice, the military judge should not sit as factfinder, and (3) the basis for denial of a request must be made a matter of record. Although the government does *not* contend that the request for trial by judge alone was *untimely* because the judge could no longer inquire of the accused regarding his waiver of trial by members, resolution of this issue may be outcome-determinative in a *future* case. *See United States v. Webster,* 24 M.J. 96, 99 (C.M.A.1987) (timeliness of the request is a fact the judge may consider).

4. As stated, appellant asserts that the trial judge erred only in not *sua sponte* recusing himself at trial, basing the alleged disqualification on the judge's stated reasons for denying the request for trial by judge alone and R.C.M. 902(a). This court will not invoke the waiver-of-disqualification provisions of R.C.M. 902(e) where the alleged disqualification arose after the judge had denied appellant's request for trial by judge alone.

tory information about the appellant and had made several rulings contrary to requests by appellant's defense counsel. However, the judge's knowledge of pertinent facts was gained solely in the courtroom and his rulings were clearly based upon law. Further, as discussed below, the rulings were not discretionary matters upon which the judge could demonstrate a more paternal attitude. Becoming aware of facts and taking "adverse" actions within the judicial arena is not *per se* disqualifying. *United States v. Soriano*, 20 M.J. at 340; *United States v. Bradley*, 7 M.J. 332 (C.M.A.1979); *United States v. Wiggers*, 25 M.J. 587, 592 (A.C.M.R.1987) (disqualification must stem from extra-judicial source, not from what the judge learned from performance of judicial duties). Once detailed, and not otherwise disqualified, the issue whether he should preside at a particular trial remains within the judge's sound discretion. *United States v. Sherrod*, 26 M.J. at 33. Considering the circumstances of this case, we find that the military judge was not disqualified to preside within the meaning of R.C.M. 902 and that he did not err in not recusing himself.

 An additional issue remains whether the trial judge abused his discretion in denying the request for trial by judge alone. While an accused's right to trial by judge alone is not absolute, *see* Article 16(1)(B), UCMJ, 10 U.S.C. § 816(1)(B), the request for such a trial forum may not be arbitrarily denied. *United States v. Sherrod*, 26 M.J. at 33 (in the vast majority of cases, there will be basis for the military judge to deny a request for judge alone); *United States v. Butler*, 14 M.J. 72, 73 (C.M.A.1982). In this case, as in *Sherrod*, the defense sought to avoid trial with members (who, it was feared, would adjudge a severe sentence due to "emotional overtones" of the case) and the military judge brought in members to "insulate the trial from even the appearance of impropriety as they would resolve the factual questions...." *Sherrod*, 26 M.J. at 31. However, unlike *Sherrod*, in this case the judge clearly did not abuse his discretion in denying the request and directing trial with members.

Article 16(1)(B), incorporated by reference for application to special courts-martial by Article 16(2), UCMJ, 10 U.S.C. § 816(2), provides that a special court-martial may consist of, *inter alia*, "only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge...." During the initial court session when he was present, the appellant personally did neither; only subsequently, during his absence, did defense counsel state that his client intended to request trial by judge alone. By then, one component of a valid request was missing from the record. When an accused requests trial by judge alone, he gives up—or waives—the absolute right to trial by courtmembers. Due to the significance of such a waiver, the nonbinding R.C.M. 903(c)(2) discussion provides:

> Ordinarily the military judge should inquire personally of the accused to ensure that the accused's waiver of the right to trial by members is knowing and understanding. Failure to [so inquire] is not error, however, where such knowledge and understanding otherwise appear on the record.

During the initial court session, the military judge had not fully advised appellant of his rights to, and the specific procedures for, trial by members. *See* Dept. of the Army, Pamphlet 27–9, Military Judges' Benchbook (C2, 15 Oct. 1986), paragraphs 2–6 (Trial by Military Judge Alone), 2–7 (Trial With Members), and 2–10 (Waiver of Fifth and Sixth Amendment Rights). As this court has held on other occasions, certain procedural rights of an accused are so fundamental that the record of trial must establish the accused's personal, knowing and voluntary waiver of such rights. *See United States v. Harris*, 26 M.J. 729 (A.C. M.R.1988) (military judge's failure to fully advise the accused of his constitutional rights, as required by R.C.M. 910(c) and *United States v. Care*, 40 C.M.R. 247 (C.M. A.1979), provided insufficient basis to find accused's knowing and voluntary waiver of

such rights); *United States v. Bailey*, 20 M.J. 703 (A.C.M.R.1985) (in the absence of any advice to the accused on the meaning and effect of his guilty plea and the rights being waived by that plea, reliance upon defense counsel assurances that he had explained to the accused his testimonial and evidentiary rights is insufficient). In this case, the trial judge may well have believed that he did not have adequate basis to conclude that the appellant had knowingly and voluntarily waived his right to trial by members.[5]

Additionally, Article 25(c), UCMJ, 10 U.S.C. § 825(c), provides that, after an accused has personally requested in writing that enlisted members serve on the court, the accused may not be tried by court-martial the membership of which does not include at least one-third enlisted members. Rule for Courts–Martial 903(d) provides: "A request for enlisted members may be withdrawn by the accused as a matter of right any time before the end of the initial Article 39(a) session, or, in the absence of such a session, before assembly." In this case the appellant's written request for enlisted members was submitted *after* the initial Article 39(a) but *before* assembly, and his defense counsel in effect attempted to withdraw the request by requesting trial by judge alone on behalf of his *absent* client. Government counsel was properly concerned with this issue at trial, and on appeal this court views this factor as supportive of the trial judge's denial of the counsel-attempted change in forum.

Under all of the circumstances detailed above, the trial judge did not abuse his discretion in denying the request for trial by judge alone.

The findings of guilty and the sentence are affirmed.

Judge SMITH concurs.

ADAMKEWICZ, Senior Judge, concurring in part and dissenting in part:

In the exercise of his sound discretion, the military judge denied the request for trial before a military judge, sitting alone, and in compliance with *United States v. Butler*, 14 M.J. 72 (C.M.A.1982), stated on the record his reasons for so doing. The reasons given did not have an extrajudicial source but were the result of judicial exposure during the course of the trial. Thus, the trial judge, not otherwise being disqualified to sit, was not required to *sua sponte* recuse himself, especially where, as here, the defense counsel, who not only failed to challenge the military judge or seek his recusal, expressly recognized that "the judge would be able to make a fair and impartial hearing of the evidence and sentence the accused accordingly." *See United States v. Bradley*, 7 M.J. 332 (C.M.A. 1979). If a military judge is not disqualified to sit as judge alone, he is not disqualified to sit with members. *Cf. United States v. Sherrod*, 26 M.J. 30, 33 (C.M.A. 1988). This is not one of those cases "which would cause the average person familiar with the facts to reasonably question the impartiality of the military judge." *United States v. Bolen*, 26 M.J. 83 (C.M.A. 1988) (summary disposition). Therefore, I join in affirming the findings and sentence.

However, I wish to specifically disassociate myself from that portion of the majority opinion that refers to matters not raised on appeal and finds that the military judge had not fully advised appellant of his options on composition of the court-martial. The record reflects that appellant was specifically advised of his right to be tried by a court composed of members, that if he so desired, at least one-third of which would be enlisted members, and that, if he were found guilty of any offense, those mem-

5. The court is not determining that in this case there is an "insufficient record" to support such a waiver, because the issue is not presented. The limited inquiry regarding choice-of-forum when the accused was present is viewed only as a relevant factor supporting the judge's exercise of discretion in resolving the request for judge alone. As a matter of law, it appears that on appeal an appellant would find it very difficult to successfully argue against a trial judge's determination regarding a "voluntary and intelligent waiver" of trial by members. *See United States v. Butler*, 14 M.J. at 74–80 (Cook, J. dissenting); *United States v. Jenkins*, 42 C.M.R. 304, 308–311 (C.M.A.1970) (Ferguson, J., dissenting).

bers would determine a sentence. The appellant was also told by the military judge that he could request to be tried by a military judge alone and that would mean that there would be no court members, that the judge alone would determine guilt or innocence, and, if the appellant were found guilty of any offense, an appropriate sentence. The appellant repeatedly responded he understood these rights, which he had discussed with his defense counsel. No more is required under Article 16 and R.C. M. 903.