**UNITED STATES**

v.

**Michael J. SMITH, 527 37 2289, Sonar Technician (Surface) Seaman Apprentice (E–2), U.S. Navy.**

**NMCM 88 5010C.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 Oct. 1988.

Decided 16 Feb. 1990.

---

Lt. Jeffrey S. Horwitz, JAGC, USNR, Appellate Defense Counsel.

Cdr. James E. Cooper, JAGC, USNR–R, Appellate Defense Counsel.

Cdr. David McAuley, JAGC, USNR–R, Appellate Defense Counsel.

Lt. Charles A. Polen, JAGC, USNR, Appellate Government Counsel.

Lt. J. Richard Chema, JAGC, USN, Appellate Government Counsel.

Lt. Sigurd R. Peterson, Jr., JAGC, USNR, Appellate Government Counsel.

Before BYRNE, C.J., and ALBERTSON and JONES, JJ.

PER CURIAM:

The Court, upon its own motion to reconsider, issues the following opinion.

Pursuant to his pleas, appellant was found guilty by a military judge sitting alone as a general court-martial of violations of the Uniform Code of Military Justice (UCMJ), Articles 86 and 134, 10 U.S.C. §§ 886, 934. Having been convicted of breaking restriction and an unauthorized absence extending from 5 November 1980 to 7 July 1988, appellant was sentenced to confinement for 7 months, forfeiture of $447.00 pay per month for 7 months, reduction to pay grade E–1, and a dishonorable discharge. Complying with the terms of the pretrial agreement, the convening authority approved the sentence as adjudged, but suspended forfeitures in excess of $442.00 pay per month for 7 months for a period of 12 months from the date of trial.

■ Appellant alleges that the military judge erred by denying the appellant the opportunity, through counsel, to develop possible grounds for disqualification of the military judge. We agree.

Prior to the providence inquiry into appellant's pleas, appellant's civilian defense counsel, Mr. Howard DeNike, conducted *voir dire* of the military judge. The military judge, responding to counsel's questions, indicated that he had no bias or prejudice against appellant or counsel. Civilian defense counsel then stated that he had no challenge for cause, but then the military judge, alluding to an earlier case, continued:

I think I can state clearly there's absolutely no bias harbored by me in connection with the accused or yourself. I think I should probably explain to the accused, however, that I was the military judge in a general court-martial ... during which Mr. DeNike was a participant.... [I]n the course of that case I took certain actions which I believed were necessary under the circumstances in respect to Mr. DeNike's continued representation of the accused in that case. And I would also state for the record I found it necessary to report those actions to the Judge Advocate General. Now having said as much, that has absolutely no application or no bearing on your case or Mr. DeNike's representation of you in this case.

The military judge then permitted additional *voir dire* regarding his qualifications. The defense counsel indicated that this was the first time that he had been made aware of the military judge's report to the Judge Advocate General regarding this prior case, and asked the military judge for details of the communication. The military judge stated that the communication was in the form of a letter detailing the circumstances of Mr. DeNike's representation in the prior case, assuring civilian counsel it was "simply a reporting of the events in that particular case, and no action had been taken to preclude your representation of servicemembers in military courts-martial to include this one." Mr. DeNike asked for a copy of the letter to review for a possible basis for a challenge for cause. The military judge reiterated that he held no bias against Mr. DeNike, but refused to give him a copy of the letter, stating that Mr. DeNike would

have to ask the Judge Advocate General for it. Mr. DeNike responded that he needed a copy of the document in order to conduct a proper *voir dire* and that to ask the Judge Advocate General for it was not a practical alternative. The military judge did not relent,[1] and Mr. DeNike moved to recuse the military judge based on the latter's unwillingness to furnish a copy of the letter regarding Mr. DeNike as indicating a basis for possible bias and prejudice against counsel. After the military judge denied this motion, appellant reiterated his request for trial by military judge alone, reaffirmed his pleas of guilty, and was convicted and sentenced by the military judge.

On appeal, this Court, upon defense request, ordered production of the military judge's letter to the Judge Advocate General concerning Mr. DeNike's representation at a prior court-martial of a different accused. The letter is a detailed submission of the difficulties encountered by the military judge in dealing with civilian counsel in bringing that case to trial. The military judge ruled in that case, after Mr. DeNike had failed to appear at prescribed sessions of court, that by his actions Mr. DeNike had "abandoned his client, had unilaterally withdrawn from the case severing the attorney-client relationship, had violated his oath, his duty to the court, and his duty to his client and professional ethics, and had demonstrated his ineffectiveness and unfitness to act as counsel." The military judge effected Mr. DeNike's removal from that case, and subsequently refused to reinstate Mr. DeNike as counsel for that accused. The military judge recommended to the Judge Advocate General of the Navy that Mr. DeNike be "decertified" to practice "before naval courts-martial, the Navy–Marine Corps Court of Military Review and other proceedings conducted pursuant to the Uniform Code of Military Justice and the Manual for Courts–Martial on grounds that Mr. DeNike is ethically and professionally unqualified to perform duties as a defense counsel." [2]

In its pleadings and at oral argument, the Government takes the position that the military judge did not prevent civilian counsel from conducting *voir dire*, and that appellant's request to be tried and sentenced by the military judge, after disclosure of the military judge's correspondence with the Judge Advocate General and his refusal to give civilian counsel a copy of that letter, constitutes waiver of any objection or error regarding his right to trial by impartial judge. Further, if waiver is deemed inapplicable, the Government contends that appellant suffered no prejudice as a result of the military judge's refusal to enlarge the scope of *voir dire* because the adjudged sentence was less than that which could have been approved pursuant to the pretrial agreement between appellant and the convening authority.

Appellate defense counsel asserts that appellant's choice to be tried by the military judge did not waive any objection to a biased military judge. Here, he argues, it was ludicrous to expect him to decide whether the military judge was impartial when the judge refused to permit a full and fair *voir dire*, particularly when, as in this case, the military judge actively and effectively camouflaged his bias against civilian trial defense counsel.

■ At the trial level *voir dire* should expose a ground for challenge of a military judge, if one exists, and result either in the assignment of a different military judge to hear the case, or if the challenge is improperly denied, create a record, which an ap-

---

1. The military judge took the position that even if civilian defense counsel were to obtain a copy of the letter from the Judge Advocate General, ... in any event, it's not going to, in my judgment, provide a ground for challenge." R. 16.

2. Following the initial release of this opinion, the Court received a letter from Mr. Howard J. DeNike requesting amendment of the opinion so that it would not by implication reflect nega-

tively upon him. After providing notice of the correspondence to appellate counsel from both sides, we have chosen to include his statement that "the allegations are denied by [him] and were not a subject of disciplinary action against [him]." We take no position as to the merit, or lack thereof, of the allegations made because it was unnecessary to our reaching a decision in this case.

pellate court may review to determine if an abuse of discretion has occurred. *United States v. Jarvis*, 22 U.S.C.M.A. 260, 46 C.M.R. 260 (1973). A military judge, like any other federal judge, is required to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Rule for Courts–Martial (R.C.M.) 902(a).

> The proper test is an objective test— whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge himself or even necessarily in the mind of the [appellant], but rather in the mind of a reasonable man ... who has knowledge of "all the facts."

*United States v. Sherrod*, 22 M.J. 917, 920 (A.C.M.R.1986), *rev'd on other grounds*, 26 M.J. 30 (C.M.A 1988) (quoting *United States v. Martinez*, 19 M.J. 652, 654 (A.M.C.R.1984), *pet. denied*, 21 M.J. 27 (C.M.A. 1985)). A recusal or disqualification motion is committed to the sound discretion of the trial judge, and the standard of review on appeal is whether the judge abused that discretion. *See* R.C.M. 902; *Gilbert v. City of Little Rock, Ark.*, 722 F.2d 1390 (8th Cir.1983), *cert. denied*, 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984).

In this case, the military judge abused his discretion in effectively limiting the scope of *voir dire*. The military judge's responses during *voir dire* were misleading, and his failure to disclose the recommendation that counsel be decertified to practice before military tribunals and other procedures under the UCMJ, effectively precluded trial defense counsel from uncovering a basis for a challenge for cause. *See United States v. Small*, 21 M.J. 218 (C.M.A.1986). Under these circumstances, the doctrine of waiver is inapplicable. The military judge should have made complete disclosure of his letter to the Judge Advocate General to trial defense counsel upon request and should have answered trial defense counsel's questions fully. His reticence to disclose fully the nature of the recommendations he made to the Judge Advocate General leaves a substantial question in our mind as to the fairness and impartiality of the participation of the military judge in this case.

Military judges have been encouraged to become more involved in the professional development of counsel, to include post-trial critiques. Our opinion is not intended to deter military judges from that worthy goal; in fact, in the event a judge determines that a particular counsel should be "decertified," we commend that judge for taking such a stance. When the same military judge finds himself detailed to try a case in which that same counsel represents either side, we must demand forthright disclosures and responses. To require less is to detract from the longstanding respect given to the pronouncements of judges generally. It is upon the same reasoning that the parties have come to rely on the veracity of the military judge's responses in *voir dire* without the requirement for cross-examination.

The findings and sentence as approved on review below are set aside. A rehearing may be ordered.