**UNITED STATES, Appellee,**

v.

**William H. SHERROD, Private First Class, U.S. Army, Appellant.**

No. 56,167.
CM 447284.

U.S. Court of Military Appeals.

April 25, 1988.

For Appellant: *Captain William E. Slade* (argued); *Colonel Brooks B. La Grua, Lieutenant Colonel Joel D. Miller, Captain Stewart C. Hudson* (on brief); *Captain Robert P. Morgan.*

For Appellee: *Captain Bryant G. Snee* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Denise K. Vowell, Captain Karen L. Taylor* (on brief); *Major Kathryn F. Forrester.*

## Opinion of the Court

COX, Judge:

The issue in this case is whether appellant was prejudiced by the military judge's failure to recuse himself.[1] *See* Art. 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a). We hold that he was, and we reverse his conviction and sentence.

██ As the Court of Military Review has well noted, the military judge erred when he did not recuse himself from presiding under circumstances [2] where his "impartiality might reasonably be questioned." 22 M.J. 917, 919–21 (1986); R.C.M. 902(a), Manual for Courts-Martial, United States, 1984. *See also* 28 U.S.C. § 455; *A.B.A. Code of Judicial Conduct,* Canon 3 C(1) (1980); *A.B.A. Standards, Special Functions of the Trial Judge,* Standard 6–1.7 (1982). Despite lodging a timely but fruitless challenge for cause against the military judge (Art. 41(a), UCMJ, 10 U.S.C. § 841(a)), appellant nonetheless felt so constrained to avoid court-martial with members that he requested trial by the very same judge alone.[3] *See* R.C.M 903.

Although the judge was personally satisfied that he could fairly discharge his responsibilities, he denied appellant's request for trial by judge alone out of concern that others might perceive bias.[4] His rationale for continuing to preside was that the presence of members would insulate the trial from even the appearance of impropriety as they would resolve the factual questions, leaving only legal decisions for the judge. Appellant thereafter, over his objection, was tried, convicted, and sentenced by court-martial composed of officer members.

██ After a careful analysis, the Court of Military Review concluded that appellant had not, in fact, been prejudiced, and it

---

1. The issue as precisely framed is:
   WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THAT THE MILITARY JUDGE'S FAILURE TO RECUSE HIMSELF, THOUGH ERROR, DID NOT MATERIALLY PREJUDICE THE SUBSTANTIAL RIGHTS OF APPELLANT.

2. Contrary to his pleas, appellant was convicted of two specifications of burglary, battery on a child under the age of 16, committing an indecent act on a child under the age of 16, and assault with a dangerous weapon, violations of Articles 128, 129, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 929, and 934, respectively. Against this backdrop, the Court of Military Review described the circumstances upon which it concluded that the judge erred in refusing to recuse himself:
   At the opening session of the court-martial the trial judge disclosed that one of the alleged burglaries occurred next door to his military quarters and he recognized by sight these neighbors; that the alleged female victim was the daughter of these neighbors and was a close friend of the judge's own thirteen year-old daughter; that he had driven his daughter and her friend (and other "kids") to various places, including ski trips of one or two days duration; and that the same young girl had spent the night in his quarters as a guest of his daughter. In response to defense counsel's question of how the military judge would view the credibility of the alleged victim should she testify, the judge responded that he was "convinced in his own mind [he] would not attach any more significance to her testimony on any factors than [he] would to any other witness."
   22 M.J. 917, 919.

3. Appellant's instincts seem to have been valid since the members of this general court-martial sentenced him to the literal maximum punishment allowed by law: dishonorable discharge, confinement for 29 years, total forfeitures, and reduction to Private E–1. The Court of Military Review subsequently reduced the period of confinement to 20 years. 22 M.J. at 923.

4. Like the Court of Military Review, we impute no impropriety of motive or integrity to the judge's actions. We merely disagree with his conclusions in this particular regard.

affirmed appellant's conviction and sentence (as modified). 22 M.J at 923. However, with the admitted benefit of appellate hindsight, we question whether a military judge can continue to serve at all on a court-martial after a well-founded challenge for cause has been lodged, absent defense waiver.[5]

Because appellant was tried by general court-martial, the forum options available to him were:

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge *and the military judge approves.*

Art. 16(1), UCMJ, 10 U.S.C. § 816(1) (emphasis added).[6]

R.C.M. 903(c)(2)(B) similarly states that "[u]pon receipt of a timely request for trial by military judge alone the military judge shall ... [a]pprove or disapprove the request, *in the military judge's discretion."* (Emphasis added.) The nonbinding[7] discussion following R.C.M. 903(c)(2)(B) adds, however, that "[a] timely request for trial by military judge alone should be granted unless there is substantial reason why, *in the interest of justice,* the military judge should not sit as factfinder." (Emphasis added.) We have held that trial by judge alone may not be arbitrarily withheld. *United States v. Butler,* 14 M.J. 72, 73 (C.M.A.1982).

■■■ A plain reading of Article 16(1) and R.C.M. 903(c)(2)(B) leads to the conclusion that, while trial by members is an

absolute right, trial by judge alone is not. *United States v. Butler, supra.* In this respect, military practice parallels federal civilian practice. *Singer v. United States,* 380 U.S. 24, 34–36, 85 S.Ct. 783, 789–91, 13 L.Ed.2d 630 (1965).[8] Nonetheless, we take it to be an elemental proposition of construction that the language of the Code and Manual was not meant as idle verbiage, but was intended to impart substance. *Sutherland Statutory Construction* § 46.-06 (4th ed. 1984 rev.). Consequently, while trial by judge alone may not be an *absolute* right, it is a right nonetheless.

■■■ Since appellant was deprived of this right—wrongly—the question of prejudice arises. If the notion of prejudice is so restrictive that the accused must establish the likelihood that a judge would have handed down more favorable findings or sentence, then a loop of logic emerges. The accused will be tasked with an impossible burden because court members are ordinarily regarded as the servicemember's primary bastion against baseless charges, and his only ammunition is rank speculation. The result is that even a blatantly disqualified military judge can, with impunity, stay on a case and strip a servicemember of this congressionally and presidentially conferred option. In our view, the instant case violates the principle that "[a] fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison,* 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed.2d 942 (1955). Indeed, this situation is potentially far worse than that in *United States v. Butler, supra,* where an otherwise qualified military judge merely omitted to disclose his reasons for denying trial by judge alone.

In any event, given the multitude of situations in a court-martial that require judi-

---

5. We adopt the Court of Military Review's excellent analysis of waiver and its conclusion that, in this circumstance, appellant did not waive his challenge for cause against the military judge by requesting trial by judge alone. 22 M.J. at 921–22.

6. In addition, being an enlisted person, appellant might have requested enlisted persons as court members. Art. 25(c), UCMJ, 10 U.S.C. § 825(c).

7. Appendix 21, Manual for Courts-Martial, United States, 1984, at A21–3.

8. A federal defendant has the added power to halt the trial judge in his tracks until another judge has reviewed the defendant's affidavit contending that the judge is biased or prejudiced, provided that the affidavit is sufficient in its declarations. 28 U.S.C. § 144.

cial determinations (*e.g.*, motions, objections to evidence, administrative rulings, instructions), it may seriously be doubted whether trial by members could, apparently or actually, produce this supposed sanitizing effect. From an accused's standpoint, of course, it goes without saying that there are often extremely cogent reasons for preferring trial by judge alone. *E.g., United States v. Butler, supra* at 74 (Everett, C.J., concurring).

■ For these reasons, we hold that when a trial judge is *disqualified*, all the judge's actions from that moment on are void—except for those immediately necessary to assure the swift and orderly substitution of judges. *Cf. McKay v. Superior Court in and for Shasta County*, 98 Cal. App.2d 770, 220 P.2d 945, 949 (1950). If a judge is disqualified to sit as judge alone, he is also disqualified to sit with members. In sum, no matter how well-intentioned the judge was, appellant suffered prejudice because he was wrongfully denied the option of trial by judge alone.

It is not our intention to elevate the right of trial by judge alone to the unqualified status of the right to trial by members, but we do see a middle ground. First, we presume that, in the vast majority of cases, there will continue to be no basis for the military judge to recuse him or herself, or to deny a request for trial by judge alone. Next, there inevitably will be a class of cases comprising that middle ground where the judge has been *judicially* exposed to information, such as during a providence inquiry or a related trial of a coaccused, but where the judge is not otherwise disqualified. *See United States v. Widgery*, 778 F.2d 325, 328 (7th Cir.1985); *United*

*States v. Bradley*, 7 M.J. 332 (C.M.A.1979). In those cases, within his or her sound discretion, the judge may well decline to sit alone, and we see little basis for substituting our judgment for the judge's. This class of cases, therefore, is different from those in which a judge is *disqualified* from sitting.

Finally, there will be those rare cases, as here, where a judge is disqualified, even if only through appearances. It is those very few cases that we intend to affect with this decision. Even so, if circumstances amounting to military necessity had been present, we might well have concluded that appearances did not disqualify this judge (and we suspect the Court of Military Review would have done the same).

■ The decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.[9]

Chief Judge EVERETT concurs.

SULLIVAN, Judge (concurring in part and dissenting in part):

I concur with my Brothers in their opinion and only dissent in the remedy taken. In my view, justice requires that the truth of the criminal charges here be determined at a new court-martial. Article 67(e), Uniform Code of Military Justice, 10 U.S.C. § 867(e), indicates that this Court "may ... order a rehearing" if the findings and sentence are set aside. In this case, I would order a rehearing. *See United States v. Scott*, 24 M.J. 186, 193–94 (C.M.A.1987) (Sullivan, J., concurring in part and dissenting in part).

9. We share Judge Sullivan's sentiment that this is an appropriate case for a rehearing, and we are well aware of the language of Article 67(e), UCMJ, 10 U.S.C. § 867(e), which he cites. We also note that Article 67(f) indicates that, notwithstanding such rehearing order, the convening authority "may dismiss the charges" if he "finds a rehearing impracticable." Thus, the efficacy of an "order" is a matter of semantic debate.

In any event, we view the decision to institute or reinstitute criminal proceedings as an execu-

tive function, not a judicial one. *See A.B.A. Standards, The Prosecution Function*, Standards 3–3.4, and 3–3.9 (1982). We have observed no breakdown in the prosecutorial system which requires our intervention. Moreover, if, on further review, the prosecution officials decide that, for whatever reasons, a rehearing is not in the interest of justice, the last thing we would want to do is force unwilling parties to endure an unnecessary trial. For these reasons, our preference is to authorize, but not require, rehearings.