**UNITED STATES, Appellee,**

v.

**Specialist Four Leroy EDWARDS, Jr., 287–72–0423, United States Army, Appellant.**

**ACMR 8601248.**

Army Court of Military Review.

19 Sept. 1988.

For appellant: Lieutenant Colonel Joel D. Miller, JAGC, Major Marion E. Winter, JAGC, Captain Ralph L. Gonzalez, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Daniel J. Dell'Orto, JAGC, Captain Randy V. Cargill, JAGC (on brief).

Before HOLDAWAY, MYERS and CARMICHAEL Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

CARMICHAEL, Judge:

This case is before the court a second time. Initially, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), appellant asserted he was materially prejudiced by the inflexible attitude of a court member during the sentencing process. We concluded that the case was free of prejudicial error and affirmed the findings of guilty and the sentence. *United States v. Edwards*, ACMR 8601248 (A.C.M.R. 8 May 1987) (unpub.). On 15 October 1987, the United States Court of Military Appeals set aside our decision and specified two issues for our consideration. They are: Whether under the facts of this case the military judge should have recused himself; and, whether Lieutenant Colonel S was subject to a challenge for cause based on newly discovered evidence. *United States v. Edwards*, 25 M.J. 303 (C.M.A. 1987) (order).[1] We hold the military judge erroneously denied appellant the forum option of trial by judge alone. Notwithstanding our holding, we are satisfied the appellant's guilty pleas remain provident and that a sentence rehearing will meet the requirements of military due process.[2]

The pertinent facts are not in dispute. The trial defense counsel asked the military judge to recuse himself because the judge had heard the case of a coconspirator and, following the trial, had remarked that the pretrial agreement limiting the coconspirator's confinement to twelve months was a "good deal." The defense counsel expressed his concern that the judge, by his comment, may have predetermined an appropriate range of confinement in the appellant's case. The military judge declared his impartiality in unequivocal terms and denied the challenge. However, when the appellant subsequently asked to be tried alone by this judge, his request was denied solely because of his challenge to the judge's ability to determine a fair sentence. Following a brief recess, the defense counsel indicated that the appellant still wanted to be tried by judge alone, but by a different military judge. Counsel stated:

Sir, at this time, I—we'd like to renew our request for trial by a different military judge other than yourself. And we believe that—that denial of that request will prejudice [appellant's] rights. Given the nature of the offense and the offense being—relating to drugs and the traditional stance that many panel members would have towards that offense and also the fact that the maximum sentence is very high. We think that denial of the request for trial by judge alone will impair [appellant's] rights. If—if you did deny that request, then we'd request trial by an enlisted panel.

The military judge then confirmed that the only other military judge in the Republic of Korea, the situs of appellant's trial, had recently sat as judge alone in the court-martial of the appellant's wife. Thus, he did not believe the other judge would be any less subject to challenge than himself. He assumed that a judge could be obtained from another circuit, but ruled that such an effort was unnecessary because the appellant only had the right to *request* trial by judge alone, not to be tried by judge alone. He denied the appellant's

---

1. On 23 October 1987, we ordered appellate counsel to file additional pleadings on the specified issues. After all pleadings had been filed, the case was ready for disposition on 20 May 1988.

2. Based on our disposition of this case, we need not address the second specified issue.

request for trial by a different judge and proceeded to find appellant's negotiated pleas provident. However, since the court members had not been alerted, a four-day trial delay ensued despite the judge's concern about the time that would be lost if the appellant were permitted a bench trial by a judge from outside of Korea. Regardless, we do not view delay as the primary basis for the military judge's denial. Rather, the judge relied on the established principle that an accused's only absolute forum right is to a trial with members.

■ Generally, a military judge should recuse himself from any case where his "impartiality might reasonably be questioned." Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 902(a) [hereinafter R.C.M.]. Here, the judge was not challenged because he had heard the case of a coconspirator, but because he had commented that the pretrial agreement limiting the coconspirator's confinement to twelve months was a favorable one. When questioned, the military judge satisfactorily explained his comment and firmly proclaimed his impartiality. The defense did not develop a further basis for challenge. Thus, we have no quarrel with the military judge's initial denial of the challenge. It is the military judge's subsequent actions which we find disturbing. He refused to sit as judge alone simply because he was challenged. Moreover, despite the defense's strong aversion to a trial by members in a drug case, the military judge also denied the request for a bench trial with a different judge. Although a military judge's discretionary power in denying a request for a bench trial is broad, it is not unlimited. *United States v. Butler*, 14 M.J. 72, 74 (C.M.A. 1982) (Everett, C.J., concurring).

■ Having ruled that he was not disqualified under R.C.M. 902 to sit on the appellant's case, the military judge refused to hear the case alone. We believe this refusal was not only inconsistent with his initial ruling, but, in essence, negated that ruling. Since no specific ground for disqualification had been developed by the defense, the only remaining issue concerning the military judge's disqualification was of a general nature—that being whether the judge should disqualify himself because his "impartiality might reasonably be questioned." R.C.M. 902(a). In the instant case, the military judge apparently decided to preclude an appellate issue by directing a trial by members. Consequently, the appellant would be afforded that forum right which is an absolute. While acknowledging the military judge's commendable effort to avoid error in this situation, we find he abused his discretion by arbitrarily denying appellant the right to trial by judge alone. *See United States v. Sherrod*, 26 M.J. 30, 32 (C.M.A. 1988), *citing, United States v. Butler*, 14 M.J. 72, 73 (C.M.A. 1982).

Under the facts of this case, there were two options available to the military judge. In our view, the exercise of either would have assured the appellant received a fair trial. First, the military judge, consistent with his initial ruling and the appellant's request, could have heard the case alone. Second, once the military judge negated his initial ruling by deciding he could not hear the case alone, he should have delayed the trial and obtained a different judge. The appellant did not want to be tried by members because he thought they would impose a more severe sentence than a judge for drug offenses.[3] While not presuming to comment on the appropriateness of the sentence, neither can we discount the appellant's and his counsel's concerns as unfounded based on the adjudged sentence.[4]

---

3. In addition, the appellant's trial defense counsel anticipated that court members would be more disposed toward a lengthier period of confinement than a judge when instructed that the maximum permissible confinement was sixty-five years.

4. We have no way of knowing nor will we speculate concerning the sentence a military judge would have imposed in this case. The members adjudged a sentence of a dishonorable discharge, five years confinement, total forfeitures and reduction to the grade of E–1. However, subsequently, a proceeding in revision was required because of a jurisdictional defect. The new members, after being instructed that the maximum confinement was five years as opposed to the original maximum of sixty-five

We would also note that if the military judge, after his denial of the challenge—a denial which in our view was proper, decided that his impartiality might reasonably be questioned under subsection (a) of R.C.M. 902, the appellant's continued desire to be tried by him alone was a compelling reason to accept a waiver of this (general) disqualification.[5] By negating his initial ruling through inconsistent action, the military judge implicitly conceded his uncertainty about whether he should disqualify himself under a reasonableness standard. He resolved this uncertainty by forcing the appellant into a trial forum that the appellant did not want and had made every attempt to avoid. Because of the military judge's errant forum disposition, the appellant was wrongly denied his right to trial by judge alone and, as a consequence, suffered prejudice. *See Sherrod,* 26 M.J. at 32–33.

However, unlike *Sherrod,* this is not a case where the military judge was disqualified from sitting. On the contrary, it appears representative of the presumptively "vast majority of cases" in which no basis for recusal, or denial of a judge alone request, exists. *Sherrod,* 26 M.J. at 33. Accordingly, the judge here was not disqualified from conducting a *Care*[6] inquiry, determining the appellant's pleas were provident, and entering findings of guilty. The error was the denial of the requested sentencing forum. This is not to say the members acted unfairly in adjudging a sentence, but that the appellant was arbitrarily precluded from exercising his right to be sentenced by a judge. "[W]hile trial by judge alone may not be an *absolute* right,

it is a right nonetheless." *Sherrod,* 26 M.J. at 32.[7]

Based on the facts of this case, we have concluded that the military judge's impartiality would not be questioned by a reasonable person. On the record, there is neither a valid reason for the judge to recuse himself nor to deny the request for trial by him alone. Further, if the judge was concerned by a perceived appearance of impropriety if he sat alone, he should have delayed the trial until a different judge was available. In the absence of military necessity, once a criminal proceeding is convened, due process should not be driven by its cost or convenience to the government.

Under these circumstances, sentence reassessment is not an adequate remedy. A sentence rehearing is required. *See generally United States v. Webster,* 24 M.J. 96 (C.M.A. 1987).

The findings of guilty are affirmed. The sentence is set aside. A rehearing on sentence may be ordered by a different convening authority.

Chief Judge HOLDAWAY and Judge MYERS concur.

---

years, adjudged a sentence identical to the first panel's except for thirty-six months confinement. In both instances, the adjudged sentence exceeds that proposed by the appellant in the pretrial agreement. The convening authority, pursuant to the pretrial agreement, reduced the discharge to a bad-conduct discharge and the confinement to twenty-four months, and approved the rest of the sentence.

5. Subsection (e) of R.C.M. 902 states in part: "Where the ground for disqualification arises only under subsection (a) of this rule [military judge's impartiality might reasonably be questioned], waiver may be accepted provided it is

preceded by a full disclosure on the record of the basis for disqualification."

6. *United States v. Care,* 40 C.M.R. 247 (C.M.A. 1969).

7. We recognize, of course, that the military judge did not have the Court of Military Appeals' guidance in *Sherrod.* But, even if *Sherrod* had been decided before this case, it would not have been novel precedent. The principles of law upon which *Sherrod* was decided, and upon which we rely today, were firmly in place before the appellant's trial.