Judge STUCKY delivered the opinion of the Court.
We granted Appellant’s petition for review to determine if the military judge abused her discretion by denying the defense motion to recuse herself after declaring that her participation in companion eases “would suggest to an impartial person looking in that [she] can’t be impartial in this case” and refusing to sit as trier of fact. We hold that she abused her discretion, and reverse.
I.
Appellant was convicted of rape, forcible sodomy, and indecent acts. Articles 120,125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, 934 (2000). Court members sentenced him to a bad-conduct discharge, confinement for fifty-four months, forfeiture of all pay and allowances, and reduction to the lowest enlisted grade.
Before asking for Appellant’s choice of forum, the military judge disclosed that she had presided over the companion cases of Specialist (SPC) Blow and Private (PVT) Williams. PVT Williams had pled guilty in a judge-alone trial, and SPC Blow had entered mixed pleas.
The military judge told Appellant that she would recuse herself if asked to sit as a judge-alone court-martial, but would not do so if Appellant elected members. She stated that, despite sitting on the companion cases, she had neither decided any issue nor developed any opinions relating to Appellant’s case. However, during a brief voir dire, the military judge explained that PVT Williams’s providence inquiry had implicated Appellant because PVT Williams had pled to indecent assault “as a principal” for Appellant’s act of pushing NG’s head down on PVT Williams’s penis. She admitted hearing more about Appellant during SFC Blow’s trial earlier in the week. Specifically, the military judge told trial defense counsel the following:
But I did hear a bunch about Specialist Williams [sic][1] at the trial Monday, Tuesday, and Wednesday of this week, so if your client desires to go with a judge alone, then I would not sit; I would recuse myself. If your client decides to go with a panel of either all officers or officers and enlisted members, then I’m comfortable that I will be able to objectively instruct the members, rule on objections, and that sort of thing, because my role is different.
After the military judge disclosed that she would be comfortable presiding over a members trial, Appellant elected to be tried before officer and enlisted members. Nevertheless, he asked the military judge to recuse herself. She denied the recusal request and again told Appellant that if he chose a judge-alone forum she would recuse herself because she had made decisions favorable to Appellant in terms of assessing witness credibility. Those decisions “would suggest to an impartial person looking in that I can’t be impartial in this case.”
II.
“An accused has a constitutional right to an impartial judge.” United States v. Wright, 52 M.J. 136, 140 (C.A.A.F.1999) (citing Ward v. Village of Monroeville, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); Tumey v. Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927)). Except where the parties have waived disqualification of the military judge after full disclosure of the basis for disqualification, a military judge must recuse herself “in any proceeding in which that military judge’s impartiality might reasonably be *314 questioned.” Rule for Courts-Martial (R.C.M.) 902(a).
Whether the military judge should disqualify herself is viewed objectively, and is “assessed not in the mind of the military judge [herjself, but rather in the mind of a reasonable man ... who has knowledge of all the facts.” Wright, 52 M.J. at 141 (citation and quotation marks omitted). Military judges should “broadly construe” possible reasons for disqualification, but also should not recuse themselves “unnecessarily.” Id.; R.C.M. 902(d)(1) Discussion. On appellate review, this Court will reverse a military judge’s decision on the issue of recusal only for an abuse of discretion. United States v. Butcher, 56 M.J. 87, 90 (C.A.A.F.2001).
It is well-settled in military law that the military judge is more than a mere referee. United States v. Wolford, 62 M.J. 418, 422 (C.A.A.F.2006); United States v. Cooper, 51 M.J. 247, 253 (C.A.A.F.1999) (Gierke, J., concurring in part and in the result); United States v. Graves, 1 M.J. 50, 53 (C.M.A.1975). She is “the presiding authority in a court-martial and is responsible for ensuring that a fair trial is conducted.” United States v. Quintanilla, 56 M.J. 37, 41 (C.A.A.F.2001) (citing Article 26, UCMJ, 10 U.S.C. § 826 (2000); R.C.M. 801(a) and Discussion, Manual for Courts-Martial, United States (2000 ed.)). As this Court explained in Quintanilla:
The judge has broad discretion in carrying out this responsibility, including the authority to call and question witnesses, hold sessions outside the presence of members, govern the order and manner of testimony and argument, control voir dire, rule on the admissibility of evidence and interlocutory questions, exercise contempt power to control the proceedings, and, in a bench trial, adjudge findings and sentence.
Id. In these roles:
The impartiality of a presiding judge is crucial, for “‘[t]he influence of the trial judge on the jury is necessarily and properly of great weight,’ ... and jurors are ever watchful of the words that fall from him. Particularly in a criminal trial, the judge’s last word is apt to be the decisive word.”
Id. at 43 (quoting United States v. Shackelford, 2 M.J. 17,19 (C.M.A.1976)).
We commend the military judge for her candor in fully disclosing her participation in the companion eases and her sensitivity to the public’s perceptions of the military justice system. That she sat on companion cases does not, without more, mandate recusal. United States v. Oakley, 33 M.J. 27, 34 (C.M.A.1991) (holding no error military judge’s refusal to recuse himself after sitting on two companion cases and making decisions in those cases regarding suppression motions). However, once the military judge performed the analysis required by R.C.M. 902(a) and announced that her participation “would suggest to an impartial person looking in that I can’t be impartial in this case,” such a person would question her impartiality. Every time she ruled on evidence, asked questions, responded to member questions, or determined instructions, the military judge exercised her discretion, a discretion that she admitted an impartial person would conclude had not been exercised in an impartial manner.[2] Therefore, she was disqualified and abused her discretion by continuing to sit on the case. As we held in United States v. Sherrod, 26 M.J. 30, 33 (C.M.A.1988), “[i]f a judge is disqualified to sit as judge alone, [s]he is also disqualified to sit with members.”[3]
*315 III.
This Court has recognized that not every judicial disqualification error requires reversal and has adopted the standards the Supreme Court announced in Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988), for determining whether a judge’s disqualification under 28 U.S.C. § 455(a) (2000), warrants a remedy. Butcher, 56 M.J. at 92. The three-part Liljeberg test looks at:
(1) the risk of injustice to the parties,
(2) the risk that the denial of relief will produce injustice in other cases, and
(3) the risk of undermining public confidence in the judicial process.
486 U.S. at 864, 108 S.Ct. 2194; Butcher, 56 M.J. at 92-93; Quintanilla, 56 M.J. at 80-81. Applying these criteria, we find reversal is warranted in this case.
The risk of injustice to the parties is high when a military judge who has stated her bias nonetheless presides over a court-martial, even when she does not act as the trier of fact. As noted above, a military judge is charged with making a number of decisions, any one of which could affect the members’ decision as to guilt or innocence, or with regard to the sentence. Quintanilla, 56 M.J. at 41. Although the risk of injustice in other cases if relief is denied is minimal, since the military judge determined not to sit as trier of fact only in Appellant’s trial, it is the third Liljeberg factor — the risk of undermining the public’s confidence in the judicial system — that is most affected by the military judge’s refusal to recuse herself in this case. Every time the military judge made a decision, she exercised her discretion — a discretion which she herself had found was biased. This could not but produce a corrosive impact on public confidence in the military justice system. “ ‘The guiding consideration is that the administration of justice should reasonably appear to be disinterested as well as be so in fact.’” Liljeberg, 486 U.S. at 869-70, 108 S.Ct. 2194 (quoting Public Utilities Commission of D.C. v. Pollak, 343 U.S. 451, 466-67, 72 S.Ct. 813, 96 L.Ed. 1068 (1952) (Frankfurter, J., in chambers)).
IV.
The decision of the United States Army Court of Criminal Appeals is reversed. The findings and sentence are set aside. The record is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

. Both parties agree the military judge was talking about Appellant.

. This is not a case like Butcher, where the ground for disqualification arose when the case was almost finished. 56 MJ. at 92.

. Having explicitly made the R.C.M. 902(a) determination in favor of disqualification, the military judge also removed herself from the middle category of cases in Sherrod, where we stated we would not ordinarily substitute our judgment for that of the military judge. 26 M.J. at 33. Furthermore, although the military judge’s disclosure follows the procedure outlined in United States v. Campos, 42 M.J. 253, 262 (C.A.A.F. 1995), see United States v. McIlwain, 66 M.J. at 315-16, 316 (C.A.A.F.2008) (Ryan, J., joined by Baker, J., dissenting), our review as to whether R.C.M. 902(a) requires disqualification does not end with the fact of the military judge’s disclosure. The substance of the disclosure is also critical to our inquiry.