BARER, Judge
(dissenting):
The majority misreads the military judge’s statement. In doing so, it effectively creates a per se rule against military judges sitting on companion cases. For, if this military judge were disqualified from sitting on Appellant’s case, then a military judge should and would be disqualified in all companion cases. Therefore, I join Judge Ryan in her dissent, but I also wish to make several additional points.
Here is what the military judge in this case said on the record:
As I said, if you wanted to go with a judge, then I would not be comfortable sitting on your case because I feel that I’ve made decisions, frankly, probably favorable to you in terms of credibility of witnesses but, nevertheless, decisions that would suggest to an impartial person looking in that I can’t be impartial in this case.
Note that the military judge did not conclude she could not be impartial. Rather, while thinking out loud, she stated that an objective observer might reach that conclusion if she sat as judge alone.
Nonetheless, the majority focuses exclusively on the last clause of this statement, without addressing the essential conditional predicate, namely, “if you wanted to go with a judge [alone].” In doing so, the majority effectively adopts a rule providing that where a military judge has sat on any case and “made decisions,” that military judge cannot sit on a companion case, regardless of whether the military judge is sitting as a judge alone or with members. That conclusion is ineluctable, because there is no other way to distinguish this case from every other companion-case circumstance involving a military judge who has made decisions. The majority asserts otherwise, but there is no other basis on which recusal would have been required in this case.
That is not what United States v. Sherrod, 26 M.J. 30 (C.M.A.1988), stands for, and as Judge Ryan’s dissent points out, that is not the law. Military judges are permitted to sit on companion cases provided they can do so impartially. In summary, the majority, in my view, has over-read the record, and in doing so has backed into a de facto per se rule of recusal, rather than a contextual rule of recusal.
I am also concerned about the effect of this Court’s decision on practice in military courts. I am not in a position to address the possible impact on judicial resources if military judges in fact recuse themselves from every companion ease in which they have “made decisions.” More importantly, the majority commends the military judge for her candor in fully disclosing her participation in the companion cases by taking her remarks out of context and reversing. I fear that in the future military judges might well adopt the safer course of silence. Rather than encouraging candor and the sort of thinking out loud that permits parties to make informed decisions subject to informed appellate review, the legal policy message to military judges would appear to be keep your mouth closed until you are prepared to speak *319 in the declaratory sentences of factual findings and conclusions of law.
That is surely not good for military practice. And it is surely not the intent of the majority, which I know is focused along with the dissents on the integrity of the military justice system,